This is a review of a decision of the Industrial Commission of Utah denying compensation. Applicant, plaintiff herein, claimed injury to his left eye, resulting in industrial blindness in both eyes, from dust blowing into the eye while driving a truck and later on the same day from dust getting *Page 540 
in his eye from the top of a bookcase he was helping to move. This occurred while in the course of his employment by Alex Pickering Transfer Company on July 25, 1935. The insurance carrier, without a hearing, paid compensation for some weeks as for temporary total disability, but on investigation ceased payments, and denied liability. Applicant thereupon petitioned the commission for relief.
The only disputed questions before the commission were (1) whether an accident or accidents happened as claimed on July 25, 1935, by dust getting into plaintiff's eye, and (2) if the accident or accidents did occur, whether the dust in his eye caused or aggravated the disease of trachoma from which he is suffering so as to have produced the present state of partial blindness. The finding of the Industrial Commission was "that the disability complained of is not the result of any accidental injuries arising out of or in the course of applicant's employment." The only question before this court is whether there is any substantial competent evidence in the record to support the finding and decision of the Industrial Commission denying compensation. The finding is not specific as to whether the commission found an accident happened or did not happen as claimed, but for the purposes of this decision we shall eliminate that question and shall assume that the accident happened and resulted in injury to applicant's eye. Applicant testified to that fact and it is not disputed, except that doubt is raised by the testimony of certain medical experts who said applicant was suffering from trachoma and the presence of that disease might mislead the sufferer into believing foreign particles were in the eye when it was merely irritation caused by the disease.
The remaining question is whether the evidence requires a finding that the accidental injuries of July 25, 1935, caused or so lighted up the disease with which he now suffers as to produce his present condition of partial blindness. As to this there is conflict in the evidence and the inferences arising from the evidence. The commission could have *Page 541 
found on this record that the injuries so lighted up and aggravated the diseased condition of applicant's eyes as to be a contributing cause of his present blindness, but it did not do so. It held to the contrary. We shall refer only to some of the evidence which we believe creates the conflict and stands in the way of the contention that the commission on this record could make no finding except one favorable to applicant's claim.
The records of the Industrial Commission introduced in evidence show that this applicant received compensation and medical treatment on six previous occasions for similar temporary eye trouble, as follows: February 6, 1926, dust blown in eye while driving a truck, the condition said by Dr. Harold Van Cott, attending physician, to be due partly to granulated eyelids, and lighted up by foreign bodies. July 29, 1931, foreign body flew in left eye. Injury said by Dr. V.P. White to be "Ulceration of cornea — Iritis severe Conjunctivitis." October 13, 1931, foreign body in cornea of right eye while driving truck; injury according to Dr. V.P. White, "Cornea right eye near limbus nasal side ulcerated. Conjunctivae and celleary inflammation. Intense photophobia." December 26, 1931, piece of paint knocked into left eye while putting skids under machine, resulting in corneal ulcer according to Dr. W.D. Donoher. June 15, 1934, "Foreign body in eyes while at work," said by Dr. J.E. Dowd to be "Traumatic ulceration of cornea following foreign bodies in eye." December 31, 1934, "got something in left eye while at work," resulting in "Infected ulcer of left cornea; showed horizontal abrasion above pupil, infection," according to Dr. J.E. Dowd. And, finally the injury of July 25, 1935, by foreign particles blowing into eyes, resulting in "Ulcer left cornea," according to the report of Dr. Dowd.
At the hearing the reports in writing made by Dr. E.M. Neher and Dr. F.H. Raley were introduced in evidence. Dr. Neher examined the applicant and his report reads, in part, as follows: *Page 542 
"Mr. Barney has an old trachoma in each eye which has produced sufficient scar tissue and inflammation in his cornea to account for his greatly lowered vision. It is impossible to state how much, if any, the getting of the dirt in his eye influenced his condition, but I believe, if we can judge his past history at all by the present condition of his eyes, he very probably had trachoma in them long before he got the alleged foreign bodies in them in 1930 and 1934."
Dr. Raley made an examination of the applicant, and the following is from his report:
"I also find a well developed trachoma both eyes with pannus over both corneas."
Dr. Dowd, who treated the applicant on this and on previous occasions, testified that his condition was caused by trachoma lighted up by foreign particles getting into his eyes. He testified as follows, first defining trachoma:
"A. Follicular inflammatory condition of the conjuntiva due to a parasitic germ. There is a lot of controversy about it. It is not an ordinary germ infection, and it is contagious.
"Q. Does it usually follow foreign bodies in the eye? A. No, it is not acquired that way. * * *
"Q. Then there is nothing about the condition you find about his eyes at the present time that you could not find caused by trachoma? A. No, I guess you could find that picture in ordinary trachoma. I have not seen it.
"Q. You don't have many cases of trachoma in this country do you? A. No.
"Q. This trachoma does not come about as a result of trauma or having dust get in your eyes? A. No.
"Q. That never causes trachoma? A. No.
"By Com. Knerr: Q. Would it be an aggravated cause, a foreign body? A. No, I don't think so. I think it comes from infection.
"Q. I thought I understood you to say the condition you found in this man's eyes is due to these injuries of December and July? A. I mean the active onset of the ulcers was due to something that happened then.
"By Mr. Trottier: Q. Is it not possible Dr. Dowd that a man who has trachoma can have a feeling in one or both eyes which he honestly might think was some foreign object or body whereas there *Page 543 
might not have been any foreign object get into his eyes? A. Yes, I think so."
Dr. F.M. McHugh, who examined the applicant, testified, and the following excerpts are taken from his testimony:
"I think (Mr. Barney's) trouble is all due to trachoma. * * * If this patient had no trachoma the accident which he speaks of could not produce the condition. * * * A. If this patient walked into my office and said he could not see very well and I examined him I would think the condition was due to trachoma.
"Q. Entirely so? A. Entirely so; and furthermore, if he did not have trachoma the injuries could not have produced the condition which was present. * * *
"Q. Is it not possible that a man who has trachoma might feel by reason of the condition that is caused by trachoma that he may have gotten a foreign body in his eye and be honestly mistaken about it? A. Yes.
"Q. And the fact be that he did not get any foreign object in his eye, but that the thing he feels is caused by trachoma? A. Yes.
"Q. After hearing the evidence of the various occurrences when Mr. Barney reported getting something in his eye, including the one of 1926 could you give us an estimation or an opinion as to when this trachomatous condition you found in his eye might have started? A. No.
"Q. Might the condition of trachoma have been there over a number of years and not have been at an acute stage? A. Yes.
"By Com. Knerr: Q. If that were so would Dr. Dowd have discovered it on the first examination? A. I would expect him to have discovered it, but when the eye is acutely inflamed it changes things. It is easier to look at his eyes now and see that it is caused by a trachoma but if it was inflamed one might not be able to tell easily."
It is not necessary to further discuss the evidence. The Legislature has placed the power and the duty of determining facts from conflicting evidence in the Industrial Commission and not in this court. A reading of the whole record leads to the conclusion that there is evidence which gives support to the finding of the commission that applicant's present condition was not caused or contributed to by any accidental injury while in the course of his employment. *Page 544 
We therefore have no alternative but to sustain the order of the Industrial Commission denying compensation. Such is the order.
ELIAS HANSEN, C.J., and EPHRAIM HANSON and MOFFAT, JJ., concur.